UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINGLI WANG,

          Plaintiff,

    v.

CITY OF ALAMEDA, et al.,

          Defendants.

Case No. 25-cv-06605-AMO

**ORDER GRANTING DEFENDANTS CITY OF ALAMEDA, ALAMEDA POLICE DEPARTMENT, AND SHANNON YUNCK'S MOTION TO DISMISS**

Re: Dkt. No. 38

Plaintiff Mingli Wang brings claims against Defendants City of Alameda, City of Alameda Police Department, Shannon Yunck, and Michael Edward Rupp, stemming from an interaction with the police in February 2024.[1]  Before the Court is the City of Alameda, Alameda Police Department, and Shannon Yunck's (together the "City Defendants") motion to dismiss and motion to strike.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for May 7, 2026, is VACATED.  *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b).  Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, and good cause appearing, the Court rules as follows.

---

[1] Wang filed a proof of service indicating that Rupp was served on October 3, 2025.  Dkt. No. 37. To date, Rupp has not appeared in this case or filed a responsive pleading.  Accordingly, if Wang wishes to file a motion for default judgment as to Rupp, she SHALL do so no later than May 20, 2026.

## I.    BACKGROUND[2]

Defendant Michael Edward Rupp and former-Defendant Heidi Kristen Wilcox were tenants of Wang's.  Dkt. No. 33, First Amended Complaint ("FAC") ¶ 12.  In January 2024, Wang was in the process of evicting Rupp and Wilcox.  *Id.*  In February 2024, non-party Stefan Gueorguiev served Rupp and Wilcox with legal documents on behalf of Wang.  *Id.* ¶ 13.  During the service of the legal documents, Rupp attacked Gueorguiev and caused "severe injuries."  *Id.*  The police were called, and Defendant Yunck arrived at the scene.  *Id.* ¶ 14.  Wang tried to tell Yunck about the altercation, but Yunck was "extremely rude" and repeatedly told Wang that she did not understand her.  *Id.*  Wang asked Yunck to provide her with a Mandarin interpreter, but Yunck refused.  *Id.*  Yunck ordered Wang to "get away from her and . . . to stand on the side of the road."  *Id.*  Wang "felt that her own life was in danger since Yunck was fully armed with guns and other weapons and her tone and manner were extremely threatening."  *Id.*  Wang asserts that, had she been a white woman, the same race as Yunck and Rupp, she would have been treated differently.  *Id.*

Wang, representing herself, filed suit on June 30, 2025, in Alameda County Superior Court.  Dkt. No. 1-2.  Wang brought claims against the City Defendants, Rupp, and Wilcox for (1) "Violation of the California Constitution, Art. I, § 7 (Equal Protection)", (2) "Violation of Civil Code § 52.1 (Bane Act)", (3) "Violation of 42 U.S.C. § 1983 (Equal Protection Clause)", (4) "Conspiracy to Violate Plaintiff's Constitutional and Statutory Rights, To Commit Perjury and To Inflict Emotional Distress", (5) "Intentional Infliction of Emotional Distress," and (6) "Negligent Infliction of Emotional Distress[.]"  *Id.* at 8.  On August 5, 2025, the City Defendants removed the case to federal court, Dkt. No. 1, and on August 11, 2025, the City Defendants filed a motion to dismiss, Dkt. No. 7.  Wang failed to file a timely opposition brief.  *See* Dkt. No. 16 at 2.  On September 9, 2025, counsel appeared on behalf of Wang and filed a motion for leave to file a late opposition brief.  Dkt. Nos. 17, 18.  On September 22, 2025, the Court granted Wang's request,

---

[2] These facts are drawn from the allegations in Wang's complaint, which the Court accepts as true and construes in the light most favorable to Wang.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

United States District Court
Northern District of California

United States District Court
Northern District of California

Dkt. No. 21, and Wang subsequently filed an opposition, Dkt. No. 22.

On December 4, 2025, after a hearing, the Court granted from the bench the City Defendants' motion to dismiss. *See* Dkt. No. 32. Wang was given leave to amend only the Bane Act claim and the Section 1983 claim as brought against Defendant Yunck. Dkt. No. 32. Thus, the City and the Alameda Police Department were dismissed from the case. *Id.* On December 31, 2025, Wang filed a first amended complaint against the City Defendants and Rupp. Dkt. No. 33.[3] She brought two claims against all Defendants: (1) violation of Civil Code § 52.1 (Bane Act) and (2) violation of Title 42 U.S.C. Section 1983, and three claims against only Yunck and Rupp: (1) "conspiracy to violate Wang's constitutional and statutory rights, to commit perjury, and to inflict emotional distress", (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress. *Id.* at 4-11. The City Defendants filed a motion to dismiss on January 26, 2026. Dkt. No. 38. On February 9, 2026, Wang filed an opposition, Dkt. No. 41, and the City Defendants' reply followed on February 17, 2026, Dkt. No. 42.

## II.    LEGAL STANDARD

To comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and overcome a Rule 12(b)(6) motion to dismiss, a complaint must contain enough "factual enhancement" to cross "the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are

---

[3] In submitting her amended complaint, Wang failed to comply with the Court's Civil Standing Order, which requires a party to file "a redlined or highlighted version comparing the amended pleading to the prior operative pleading." Civil Standing Order Section H(1). On April 17, 2026, the Court ordered Wang to file a redline no later than April 21, 2026. Dkt. No. 43. Wang failed to do so, and on April 24, 2026, the Court ordered Wang to file a redline no later than April 27, 2026. Dkt. No. 44. The Court also cautioned Wang that future failure to comply with Court deadlines may result in sanctions. *Id.* To date, Wang has not filed a redlined version of her amended pleading.

also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014) (citation omitted). The Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation and citation omitted).

## III.   DISCUSSION

Defendants move to dismiss Wang's first amended complaint arguing that (1) Wang reasserted claims the Court previously dismissed without leave to amend, (2) Wang failed to plead sufficient facts in support of her Bane Act claim, (3) Yunck is immune from Wang's Bane Act claim, and (4) Wang failed to plead sufficient facts in support of her Section 1983 claim.[4] The Court discusses each argument in turn.

### A.   The Court's Previous Order

First, the City Defendants argue that Wang reasserted causes of action which the Court previously dismissed without leave to amend, and that those causes of action should again be dismissed without leave to amend. Dkt. No. 38 at 15. The Court relays the following procedural posture to explain its previous decision.

In Wang's opposition to the City Defendants' initial motion to dismiss, Wang affirmatively stated she planned to drop her claims for intentional and negligent infliction of emotional distress. Dkt. No. 22 at 7. Wang's counsel confirmed at a hearing on the motion to dismiss that those claims were conceded. Dkt. No. 35 at 6. Accordingly, the Court dismissed those claims without leave to amend. *Id.* Further, at the hearing, the Court noted that Wang failed to respond to several arguments in the City Defendants' motion to dismiss, including that the City and the Alameda Police Department could not be liable for any common law claims, that Yunck could not be liable for conspiracy, and that the City and Alameda Police Department could not be liable for the Bane

---

[4] City Defendants also request the Court take judicial notice of two police reports prepared by Officer Yunck. Dkt. No. 39. The Court did not rely on these police reports in reaching its decision. Accordingly, the request for judicial notice is DENIED as moot.

Act or Section 1983 claims because there were no allegations to support *Monell* liability. *See* Dkt. No. 35 at 7. The Court noted that failure to respond to an argument in opposition to a motion to dismiss is basis for dismissal and stated that the Court's inclination was to dismiss those claims without leave to amend. *Id.*; *see also Jones v. Ghaly*, No. 21-CV-05828-JSW, 2022 WL 1128680, at *2 (N.D. Cal. Apr. 15, 2022) (failure to address defendants' arguments for dismissal is "a concession that those claims should be dismissed"); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) ("a plaintiff has abandoned claims by not raising them in opposition to the defendant's motion for summary judgment"). Wang's attorney then agreed that only the Bane Act claim and the Section 1983 claim remained as to Defendant Yunck. Dkt. No. 35 at 8-9. All other claims were dismissed with prejudice with the consent of Wang's attorney. *Id.*

Despite the Court's order Wang's amended complaint realleges two causes of action that were dismissed without leave to amend (Bane Act and Section 1983) against the City and the Alameda Police Department, and three causes of action against Officer Yunck that were dismissed without leave to amend: conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Because Wang did not seek leave of Court to reassert these claims and because she previously consented to their dismissal, the Court again dismisses the conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against the City Defendants without leave to amend. Additionally, the Court again dismisses the Bane Act and Section 1983 claims against the City and the Alameda Police Department without leave to amend. The Court now turns to the remaining claims brought against Yunck – the Bane Act and Section 1983.

## B. Bane Act

The City Defendants argue that Wang fails to plead sufficient facts to support a viable claim under the Bane Act. Dkt. No. 38 at 10. The Bane Act provides a private right of action against a person who interferes by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state[.]" Cal. Civ. Code § 52.1(a). Thus, to state a claim under the

5

United States District Court
Northern District of California

Bane Act, Wang must plead facts showing "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation, or coercion." *Lawrence v. City and County of San Francisco*, 258 F.Supp.3d 977, 995 (N.D. Cal. 2017) (citation omitted).

As to the first element, Wang asserts that Yunck "interfered with [Wang's] rights to equal protection under the California Constitution and federal law" because Yunck's actions were "intentional and motivated by racial bias." FAC ¶¶ 18-19. "A long line of Supreme Court cases makes clear that the Equal Protection Clause requires proof of discriminatory intent or motive." *Loharsingh v. City & County of San Francisco*, 696 F. Supp. 2d 1080, 1106 (N.D. Cal. 2010); *Robles v. City of Berkeley*, 820 F. App'x 529, 533 (9th Cir. 2020) ("As to her Equal Protection claim, Plaintiff also fails to plead any contextual facts that would plausibly demonstrate that the UC officials' actions or inaction were in any way motivated by Plaintiff's sex or sexual orientation."). In her complaint, Wang alleges that "[h]ad Wang been a white woman, the same race as Yunck and Rupp, she would have been treated differently." FAC ¶ 14. But this contention is a conclusory allegation that the Court need not credit. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Wang fails to provide the Court with any facts establishing that Yunck acted with a discriminatory intent or motive. Wang's allegations that she is of a different race than Yunck and that Yunck failed to provide her an interpreter do not suffice to state an Equal Protection violation. *See Loharsingh*, 696 F. Supp. 2d at 1106 ("Evidence that the plaintiff and the defendant are of a different race or ethnicity combined with a disagreement as to the reasonableness of the defendant's conduct toward the plaintiff is alone insufficient to show a violation of the Equal Protection Clause.").[5] Accordingly, Wang has failed to state a plausible claim for relief under the Bane Act.

### C. Section 1983

Wang additionally brings a claim under Section 1983. FAC at 7. "To state a claim pursuant to section 1983, a plaintiff must allege two essential elements: (1) that a right secured by

---

[5] Wang does not attempt to distinguish the instant case from *Loharsingh* in her opposition brief. *See generally* Dkt. No. 41.

the Constitution and laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of the law." *Lewis v. City of Berkeley*, No. C-08-5089 JCS, 2009 WL 33326, at *7 (N.D. Cal. Jan. 6, 2009). Wang avers that Yunck violated her right to Equal Protection. FAC at 7. As discussed in the previous section, Wang fails to plead any facts to support her conclusion that Yunck intentionally discriminated against her based on her race. Thus, this claim must be dismissed. *See Robles v. In the Name of Human., We Refuse to Accept a Fascist Am.*, No. 17-CV-04864-CW, 2018 WL 10604117, at *4 (N.D. Cal. Sept. 14, 2018), *aff'd sub nom. Robles v. City of Berkeley*, 820 F. App'x 529 (9th Cir. 2020).

### D. Leave to Amend

Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Wang may be able to plead additional facts to establish claims under the Bane Act and Section 1983 against Defendant Yunck, the Court allows Wang leave to amend her complaint as to those claims only. The Court cautions Wang that repeated failure to cure the deficiencies identified in this Order will result in dismissal with prejudice. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts have discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### E. Motion to Strike

Finally, the City Defendants also move to strike portions of the amended complaint. Dkt. No. 38 at 16-17. Because the Court is dismissing Wang's complaint in full as it pertains to the City Defendants, it declines to reach the City Defendants' motion to strike.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Wang's claims against the City Defendants for conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress without leave to amend. The Court also dismisses the Bane Act and Section 1983 claims against the City and the Alameda Police Department without leave to amend. The Court dismisses

United States District Court
Northern District of California

the Bane Act and Section 1983 claims against Yunck with leave to amend.  Because there are no remaining claims against the City and the Alameda Police Department, they are dismissed from this case.

In amending her complaint, Wang may not add new claims or parties absent consent from Defendants or leave of Court.  Any amended complaint shall be filed no later than May 20, 2026.  Wang is reminded that she must file a redlined version of her amended pleading comparing the amended pleading to the prior operative pleading.  Civil Standing Order Section H(1).  Failure to file a redlined version may result in personal sanctions against Wang's counsel.

**IT IS SO ORDERED.**

Dated: April 29, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

8